**Barry Robert BENTON, Appellant,**

v.

**COMMISSION OF LAWYER DISCIPLINE, Appellee.**

No. 13–94–221–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 21, 1996.

Rehearing Overruled Feb. 6, 1997.

Barry R. Benton, Edmund K. Cyganiewicz, Brownsville, for appellant.

Dawn Miller, Assistant General Counsel, James M. McCormack, General Counsel, Austin, Dana C. Livingston, Vinson & Elkins, L.L.P., Daniel K. Hedges, Porter & Hedges, Warren W. Harris, Porter & Hedges, Houston, for appellee.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

### CONCURRING OPINION ON MOTION FOR REHEARING

SEERDEN, Chief Justice.

I agree with the majority decision that the motion for rehearing should be overruled and this case should be reversed and dismissed. However, I disagree with the holding that Rule 3.06(d) is unconstitutionally vague. Without belaboring the point, it is anomalous to hold that the rule is too vague to be understood when appellant stipulated that he violated it.

Nevertheless, I would hold that the evidence in this case does not justify a finding that the purpose of the letter was to "merely harass or embarrass the juror." I would also hold that the provision prohibiting the attempt to influence the juror's actions in future jury service is unconstitutional in this case.

As to the sufficiency of the evidence to merely embarrass or harass, there is no evidence that appellant published the letter to anyone but the jurors, so it could not have embarrassed them to anyone. Because only one letter was sent, the action cannot be considered harassing. In addition, the letter expressed the attorney's opinion on the subject of "lawsuit abuse," an issue which was shown as being discussed publicly at the time of the trial. Certainly, the letter was insulting and accused the jurors of bad faith in reaching their verdict. Under the evidence, it also exceeded its authority by claiming that the trial judge "decided that your verdict was obviously unjust." While the letter might

have been in bad taste and unprofessional, it did not "merely embarrass or harass" the jurors.

Appellant concedes that he was attempting to influence the jurors in future jury service. I would hold that it is unconstitutional to prohibit appellant from commenting on his view of the publicity campaign known as "lawsuit abuse" and its effect on the civil justice system. In this day of mass communication and the professional delivery to the public generally of the policies and positions of various interest groups who are attempting to influence the actions of our government and its citizens, whether as jurors, voters, or public officials, the freedom of individuals, including attorneys, should not be restricted except to promote a "compelling state interest," and must not create a "chilling effect" on the revered right to freely exchange ideas. *See Burson v. Freeman*, 504 U.S. 191, 112 S.Ct. 1846, 119 L.Ed.2d 5 (1992).

Two of the jurors who received appellant's letter testified in this case. The first felt he had been singled out for the insulting remarks. He testified he was incensed by the letter. He was so upset he discussed the matter with a lawyer. From his conversation with the lawyer, he indicated he now knew how to answer questions on voir dire and in the future he would do so in a manner that would cause him to be disqualified as a juror.[1] While the witness stated he felt "harassed" by the letter, this is conclusory. The second witness's testimony reflected that she felt that her privacy had been invaded, that she had been singled out, and that she felt threatened and fearful. She was concerned that appellant was able to obtain her address.

While the feelings and sensibilities of jurors is and should be of concern not only to the courts, but to the bar generally, the resolving of legal disputes is almost always stressful and oftentimes difficult. Nevertheless, citizen participation in our system of justice is essential for the maintenance of our democratic form of government. Some jurisdictions prohibit all forms of communication

with discharged jurors, except with permission of the court. *See U.S. v. Kepreos*, 759 F.2d 961 (1st Cir.1985). Courts have held that the content of speech cannot be regulated to safeguard the sensibilities of individuals. *R.A.V. v. St. Paul*, 505 U.S. 377, 383–84, 112 S.Ct. 2538, 2543, 120 L.Ed.2d 305 (1992); *Texas v. Johnson*, 491 U.S. 397, 409–10, 109 S.Ct. 2533, 2542–43, 105 L.Ed.2d 342 (1989); *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 649, 105 S.Ct. 2265, 2280–81, 85 L.Ed.2d 652 (1985); and *Ex parte Tucci*, 859 S.W.2d 1, 6 (Tex.1993). Criticism, just or unjust, must be tolerated by jurors who are in fact judges of the facts in public trials.

While I believe appellant's letter was in bad taste, since our rules of professional conduct allow contact with former jurors I would hold that appellant's right to express his opinion in this instance is protected by the First Amendment of the United States Constitution and Article 1 § 8 of the Texas Constitution.

---

1. The record does not reflect whether the appellee made inquiry into the nature of the lawyer's advise in this regard!